IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK SATCHELL and CARLA SATCHELL,<br><br>        Plaintiffs,<br><br>   v.<br><br>OCWEN LOAN SERVICING; DOWNEY SAVINGS AND LOANS ASSOCIATION; WESTERN PROGRESSIVE; PREMIER MORTGAGE; NICHOLAS GUS TSOUVAS JR.; JEROME ROGERS; and DOES 1-20 inclusive,<br><br>        Defendants. | 2:09-cv-03517-GEB-EFB<br><br><u>ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS AND DECLINING EXERCISE OF SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE CLAIMS</u>[*] |

        On February 25, 2010, Defendant Ocwen Loan Servicing filed a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' complaint with prejudice. However, on March 18, 2010, Plaintiffs filed a first amended complaint ("FAC"), which is now the operative pleading. <u>See</u> <u>Hal Roach Studios, Inc., v. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1546 (9th Cir. 1989) (stating an amended complaint supercedes the prior complaint); <u>see</u> <u>also</u> Fed. R. Civ. P. 15(a)(1)(B) (stating that "[a] party may amend its pleading once as a

---

    [*]   This matter is deemed to be suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

1 | matter of course within . . . 21 days after service of a motion under
2 | Rule 12(b)"). Since the pending dismissal motion does not address the
3 | operative pleading, it is denied as moot.
4 |      Plaintiffs' FAC states in the jurisdiction section of the
5 | FAC that Plaintiffs' federal questions have been removed from the FAC,
6 | and "there is no predicate herein for federal jurisdiction
7 | based upon the "diversity" of the parties . . . " (FAC ¶ 1.) The FAC
8 | alleges eight claims under California law. Therefore, the Court may
9 | sua sponte decide whether to continue exercising supplemental
10 | jurisdiction over Plaintiffs' state law claims. See Acri v. Varian
11 | Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Under 28
12 | U.S.C. § 1367(c)(3), a district court "may decline to exercise
13 | supplemental jurisdiction over a [state] claim" if "all claims over
14 | which it has original jurisdiction" have been dismissed. "While
15 | discretion to decline . . . supplemental jurisdiction over state law
16 | claims is triggered by the presence of one of the conditions in
17 | § 1367(c), it is informed by the . . . values of economy, convenience,
18 | fairness and comity" as delineated by the Supreme Court in United Mine
19 | Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri, 114 F.3d at
20 | 1001. "Since state courts have the primary responsibility to develop
21 | and apply state law, . . . the Gibbs values do not favor continued
22 | exercise of supplemental jurisdiction over [Plaintiffs'] state claims
23 | . . . ." Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH,
24 | 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114
25 | F.3d at 1001 (stating that "in the usual case in which all federal-law
26 | claims are eliminated before trial, the balance of factors will point
27 | towards declining to exercise jurisdiction over the remaining state-
28 | law claims" (quotations and citation omitted)). Therefore,

1  Plaintiffs' state law claims are dismissed without prejudice under 28
2  U.S.C. § 1367(c)(3), and this case shall be closed.

3  Dated:  March 23, 2010

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```